UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUSTIN EDWARD ROME, MD PC,
BARBER SURGEONS GUILD PC, and
BARBER SURGEONS, INC

                                                          **Case No.:** 1:25-cv-2537

                                        *Petitioners*,

              -against-

LOUIS MARIOTTI, ROY STOLLER, R. STOLLER,
DO, PLLC, and LOUIS J. MARIOTTI, DO, PLLC,

                                        *Respondents*.
-------------------------------------------------------------------X

**PETITION TO VACATE ARBITRAL AWARD**

Pursuant to the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §§ 10(a)(3) and (4), Petitioners Justin Edward Rome MD PC ( "**BSG NY**"), Barber Surgeons Guild PC ("**BSG LA**"), and Barber Surgeon's Guild Inc ("**BSG MSO**") (collectively, "**BSG**") respectfully submit this Petition to Vacate against Respondents Louis Mariotti, Roy Stoller, R. Stoller DO, PLLC, and Louis J. Mariotti, DO, PLLC.

## PARTIES

1. BSG maintains a single brand identity with shared marketing and operational resources provided by its management service organization, BSG MSO. BSG's clinical services are provided via BSG NY and BSG LA in New York and LA, respectively.

2. BSG NY retained Stoller and Mariotti to provide hair restoration service in BSG's NY office. Respondents R. Stoller DO, PLLC and Louis J. Mariotti, DO, PLLC are the entities through which Stoller and Mariotti operate their own medical practices in New York

## BACKGROUND

3. BSG offers national hair restoration services via its digital platform and clinical offices in New York and Los Angeles. It provides medical treatments through its Chief Medical Officer, Dr. Justin Rome, as well as contract service providers, including – prior to these proceedings – Drs. Louis Mariotti and Roy Stoller.

4. Via text message, Respondents unabashedly discussed their long-term plan to take BSG's patient list and solicit those patients for their own private practices. In

1

furtherance of this plan, Mariotti resigned from BSG, but continued to access BSG's medical record database to collect patient contact information. He did so using the username and password provided by Stoller in gross violation of their confidentiality obligations under their service agreements and patient privacy laws.

5. Following Marittoi's departure, Stoller accessed patient files for thousands of patients that Respondents had never seen or treated; and then downloaded the contact information for every patient in the BSG database. This download included contacts for not only every patient in the New York office, where Stoller and Mariotti had contracted to provide service, but also Los Angeles, where they had not. Stoller then transferred those files to Mariotti, who sent a typo-ridden text blast stating:

> that there is no NYC based [sic] physician assigned to my patients. If you prefer an in person [sic] doctor, I am. [sic] available to care for your hair loss needs at my midtown [sic] office. As an extended courtesy, office visits will not be charged.

6. The text led to hundreds of patient complaints leading to BSG's claims pursuant to California's Uniform Trade Secrets Act ("**UTSA**"), CA Civ. Code § 3426 (Count I), and the federal Defend Trade Secrets Act ("**DTSA**"), 18 USC § 1836(b) (Count II). By agreement of the parties, the claims were heard before a single arbitrator under the Commercial Arbitration Rules of the Health American Lawyers Association ("**AHLA**").

7. At arbitration, Respondents argued that the patient list was not a trade secret because it was shared widely within BSG and that, in any event, they did not gain new business from their text message. The Arbitrator rejected their trade secret

argument; but did not reach the question of damages on the trade secret claims and instead denied relief on an alternative legal ground not raised by Respondents: a "defense of justification based on legal compliance and patient care concerns."

8. The Arbitrator recognized that thousands of patients were never seen or treated by Respondents and that the confidentiality clause of the service agreement prohibited disclosure of the patient list. But she reasoned that "sharing patient information was reasonably within the scope of their professional relationship and justified to ensure compliance with their professional obligations." The Final Award cited specifically the American Medical Association ("**AMA**") Code of Ethics, which "advised patients be notified that their physician is leaving a practice and be given the physician's new address."

9. By relying on her own legal arguments, the Arbitrator acted both beyond her authority and in violation of fundamental fairness. This alone requires vacatur of the Final Award. Separately, the Final Award's "defense of justification" expressly disregarded Respondents' legal obligations and instead effectuated the Arbitrator's policy preference that doctors be free to give notice of their departure to patients after their departure without regard to the confidentiality limitations imposed by contract and statute. The Arbitrator's holding was derived not from the parties' contract nor the law that she was bound to interpret; but instead came from the non-binding advisory opinion of a private organization cited and relied upon by none of the parties.

## JURISDICTION

10. Federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331 for resolution of BSG's claim under the federal DTSA.

## VENUE

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this district is where a substantial part of the misconduct arose, including the acquisition, disclosure, and use of BSG's patient list.

## PRAYER FOR RELIEF

12. For the reasons set forth in Petitioners' accompanying memorandum of law, supporting affirmation, and exhibits, Petitioners respectfully request that the Court enter an order vacating the Final Award to the extent that it deny relief on Counts I and II of the First Amended Statement of Claim, and initiate proceedings to determine damages either directly or via remand to a new arbitrator.

Dated: March 27, 2025

Law Office Of Thomas Ling

By: *[signature]*
Thomas Ling
*Counsel for Petitioners*