# Law Office of Thomas Ling
220 E. 5th St, #2W * New York, New York 10 003
thomasling@post.harvard.edu * 202.270.1627

---

April 9, 2025

Hon. Jennifer H. Rearden
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



RE: *Justin Edward Rome, MD PC v. Louis Mariotti*, Case No. 1:25-cv-2537

Dear Judge Rearden:

    I write on behalf of Petitioners in the above captioned action to request an Order: (1) holding Petitioners' April 1, 2025 Letter Motion and this Court's April 1, 2025 scheduling Order (Docket No. 8) moot; (2) sealing certain exhibits; and (3) granting oral argument.

**I.   April 1, 2025 Letter Motion and Scheduling Order (Docket No. 8)**

    Petitioners' April 1, 2025 letter and this Court's Scheduling Order concerned service on Respondents. Both have been rendered moot by Respondents' subsequent acceptance of service via email and waiver of further service requirements, and this Court's April 9, 2025 extension of time to Respondents (Docket No. 14).

**II.   Sealing Exhibits**

    Rule 9(A) of this Court's Individual Practice Rules permits redaction of personal identifying information, medical records, and trade secrets. It does not, however, expressly permit the sealing of the same. Respondents accordingly seek permission to seal the following exhibit Nos.:

- 7(A), 7(B): patient list and patient scheduling calendar
- 15, 16, and 17: patient communications

I have met with opposing counsel, who does not object to this request.

**III.   Oral Argument**

      Pursuant to Rule 5(A) of this Court's Individual Practice Rules, Petitioners request oral argument. Petitioners' motion concerns an arbitration with a voluminous record and the Health Insurance Portability and Accountability Act ("HIPAA") complex regulatory code. Oral argument would be beneficial to address these complexities.

Respectfully submitted,

/s/ Thomas Ling

Thomas Ling
*Counsel for Petitioners*

The motion to compel the United States Marshals Service to serve the summons, ECF No. 9, is DENIED as moot.

The motion to seal is DENIED without prejudice.  Petitioners' motion does not comply with this Court's Individual Rules and Practices, which require that "any redaction or sealing of a court filing [] be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents."  Individ. Rs. & Pracs. 9.B (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).  Petitioners fail to explain why and how sealing the documents in question in their entirety—as opposed to redacting any personal identifying information, medical records, and trade secrets therein—complies with the *Lugosch* standard.

The motion for oral argument is DENIED without prejudice to renewal after the motion to vacate the arbitration award has been fully submitted, ECF No. 16.

The Clerk of Court is directed to terminate ECF Nos. 9 and 15.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: April 10, 2025

2